**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOANNA NELSON, | ) | |
|      Plaintiff, | ) | CIVIL ACTION NO.: |
| | ) | 4:13-cv-533 |
| VS. | ) | |
| | ) | |
| DISCOVER FINANCIAL SERVICES, LLC | ) | JURY TRIAL DEMAND |
|      Defendant. | ) | |

**COMPLAINT**

**INTRODUCTION**

1.      The Telephone Consumer Protection Act, 47 U.S.C. §227(b) ("TCPA"), restricts the use of automated equipment and prerecorded voice messages to dial cellular telephones. Calls to cell phones using predictive dialing equipment are prohibited.

2.      At some point in the past four years, defendant Discover Financial Services, LLC (hereinafter referred to as "DFS") began calling plaintiff on her cellular telephone, using an "automatic telephone dialing system" and/or prerecorded voice. Plaintiff estimates that over 300 such calls were directed to her by DFS between December 30, 2010 and June 30, 2011. More calls were likely placed by Discover outside those dates, and third party "vendors," also known as debt collection agencies, likely made calls on Discover's behalf, too.

3.      The TCPA was designed to prevent calls like these, and to protect the privacy of citizens like plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

4.      In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow

consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer.  TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Id. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

5.      Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. See also, *Mims*, 132 S. Ct. at 744.

6.      As Judge Easterbrook recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act …  is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

## VENUE AND JURISDICTION

8.      This Court has jurisdiction under 28 U.S.C. §§1331 and 1337.

9.      Venue and personal jurisdiction in this District are proper because Defendant's collection communications were received by plaintiff within this District and defendant transacts business within this District.

## PARTIES AND PERSONAL JURISDICTION

10.     Plaintiff Joanna Nelson is a natural person and a citizen of the State of Missouri.

11.     Defendant Discover Financial Services, LLC (hereinafter referred to as "DFS") is a Delaware Corporation, doing business in the State of Missouri. DFS's Registered Agent is CT Corporation System, 208 LaSalle Street, Suite 814, Chicago, Illinois 60604.

## FACTS

12.     Defendant DFS and others on its behalf called plaintiff's cellular telephone hundreds of times within four years of filing of this complaint using an automatic telephone dialing system and/or artificial or prerecorded voice.

13.     Plaintiff has been substantially damaged by the illegal phone calls. She was charged for the calls, her privacy was improperly invaded and she was inconvenienced and forced to deal with unwanted telephone calls.

14.     Plaintiff attempted to settle this lawsuit before filing, but Discover opted not to respond to plaintiff's pre-suit settlement demand. Plaintiffs file this lawsuit as a last resort, after waiting five weeks without a settlement response from Discover.

## COUNT I – TCPA

15.     Plaintiff incorporates all previous paragraphs.

16.     Defendant violated the TCPA by placing artificial or prerecorded voice calls to plaintiff's cell phone using an automatic telephone dialing system.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and        the class and against defendants for:

        A.      Statutory damages pursuant to 47 U.S.C. §227(b)(3);

        B.      An injunction against further violations pursuant to 47 U.S.C. §227(b)(3);

C.      A declaration that defendant's equipment and messages are regulated by

        the TCPA;

D.      Costs of suit; and

E.      Such other or further relief as the Court deems just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

/s/ Joanna Nelson _____
**Joanna Nelson**

### BURKE LAW OFFICES, LLC

/s/  Alexander H. Burke _____
Alexander H. Burke
155 N. Michigan Ave.
Suite 9020
Chicago, IL 60601
Telephone:      (312) 729-5288
Fax:            (312) 729-5289
Email:          aburke@burkelawllc.com
Pro Hac Vice Application to be Filed

and

### HEALEY  LAW, LLC

/s/ Robert T. Healey _____
Robert T. Healey
EDMO # 34138MO
640 Cepi Drive, Suite A
Chesterfield, MO 63005
Telephone:      (636) 536-5175
Fax:            (636) 590-2882
Email:          bob@healeylawllc.com
Co-Counsel for Plaintiffs

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that the defendant take affirmative steps to preserve all recordings, data, databases, call records, consent to receive autodialed or prerecorded calls, emails, recordings, documents and all other tangible things that relate to the allegations herein, plaintiff or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol  relating to any of them. These materials are very likely relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

/s/Alexander H. Burke _____